EX REL. HENRY H. DENNIS v. THE CIRCUIT JUDGE FOR KENT COUNTY.

*Jurisdiction of circuit court over a special administrator to protect the rights of a solicitor in a fund on which he had a lien— Recalling a fund withdrawn from court on an ex parte application—Notice.*

A case in which an administrator is complainant may still be open for the allowance of orders necessary to the protection of a fund, even though the administrator has been relieved from duty.

Notice of an application to withdraw a fund from court should be given to an attorney who has a lien upon it.

An administratrix withdrew from the custody of the court a fund belonging to the estate and on the same day was relieved, by her own request, from her position as administratrix. *It seems* that the court still retains power to recall the fund on a satisfactory showing that it had been imposed on, and that the fund had been withdrawn in fraud of the solicitor of the estate, who had a lien on it.

Where the circuit court had cognizance of a case in which an administratrix was complainant, and the administratrix procured her discharge, and the probate court appointed in her place a special administrator, who filed a bill to enable him to enforce the decree granted in the case, and thus acquired a standing in the court as an intervening litigant, it was *held* that he was a *quasi* party to the case and sufficiently within the authority of the court to be subject to an order recalling into the custody of the court a portion of a fund which the administratrix had improperly withdrawn and paid over to him.

MANDAMUS to vacate an order directing a special administrator to pay into the circuit court money withdrawn therefrom by his predecessor under an order improvidently granted. Submitted October 28. Decided November 29.

*Champlin & More* for the writ.

*Norris & Uhl* against.

GRAVES, J. At the last April term of this court the decree of the circuit court for the county of Kent in chancery in the case of *Heath v. Waters* was affirmed (40 Mich., 457), and our determination being certified to the court below, the defendant Waters satisfied the decree so far as it related to him by paying into court $22,508.27; but as against the defendant Remington it remained unaffected and subject to be enforced. Subsequently, and on May 3d, Mrs. Heath, in accordance with her own request, was discharged by the probate court from the

place of administratrix, and the relator was appointed special administrator in her stead. And on the same day of these proceedings she applied to the circuit court to pay to her thereout the entire sum of $22,508.27 which Waters had paid in.

This application was *ex parte* and made without the knowledge of Mr. Rogers, who had been one of her solicitors and counsel during all the later years of the litigation, and was still holding the same relation. The court entertained the application, and on the same day and without requiring notice to Rogers, ordered payment to Mrs. Heath of the whole sum, less $1000, and the fund was paid out to her accordingly.

It is not entirely clear from the papers whether the order and payment under it did or did not precede her retirement from the place of administratrix and the substitution of relator. But it is admitted that she passed to relator, on the same day, $6804.83 of assets of the estate, and that he still holds the same, less $1552.72, and that no debts exist against the estate beyond such as have arisen since the testator's death, and that the estate is solvent. It is not an unfair inference, at least as against the relator, that the sum he so received from Mrs. Heath, and the most of which he retains, is a part of the same fund which was paid to her out of court.

May 15th, on Rogers' application, the circuit court ordered that the sum of $1000 still in court should be paid to him, and it was done.

May 26th the probate court appointed relator to be administrator *de bonis non* with the will annexed, and he at once qualified and assumed the trust, and thereafter, and on June 17th, he filed his bill to revive the case for prosecution in his character of administrator and to obtain a complete execution of the original decree. That proceeding is still pending and has not yet been carried to a decree.

Subsequent to the filing of that bill, and in September, Rogers filed a long petition setting up that he held a

solicitor's lien to the amount of $5000 and upwards on the fund recovered against Waters and paid into court, and alleging that the order for paying the money to Mrs. Heath was obtained by unwarranted practice, and by imposition on the court and in fraud of his rights, and praying that the order might be set aside, so far as needful for his protection, and that $4000 of the fund might be recalled, and for other relief. The petition represented that relator had been appointed general administrator, and was holding between six and seven thousand dollars of the assets, and asked that he might be substituted in the place of Mrs. Heath, as complainant. It is unnecessary to repeat or notice the elaborate details of the petition.

The relator made answer to this petition and stated several objections to the proceeding, of which those deemed material are: *first*, that in consequence of the shift of administration, the case was not on foot for the passage of an order; and *second*, that he was not yet amenable to the authority of the court.

September 22d the court passed on this controversy and ordered relator to pay into court, within forty days, the sum of $2000 of the fund in question. He now asks for a mandamus to compel the court below to vacate this last order, and the final grounds of the application are as previously mentioned.

Besides the circumstances before noticed, the papers show that proceedings are pending in the court of probate upon an accounting by Mrs. Heath, and which proceedings cover the transactions between herself and Rogers, and that he has filed an account there against her of more than $6000. It is also stated that relator has taken steps for an appeal against the order complained of. Whatever importance may belong to these matters, or to the question whether Rogers has a subsisting claim, and if so, to what amount, and against whom, or to the question as to the mode and place of investigation, the present proceeding does not reach them.

The inquiry now is, as before suggested, *first*, whether by reason of Mrs. Heath's retirement from the place of special administratrix, in which character she was complainant, the court was disabled from making the order; and if not, then, *second*, whether in the state of things existing, the relator was subject to the authority of the court for the purpose of the order.

As to the first question. The general rule is no doubt that when a sole complainant is an administrator, and the representative character is determined, the cause is wholly suspended and is not open for the allowance of orders, but it is not universal.

There are many exceptions founded on reason and justice, and among them are reckoned such orders as may be necessary for the protection of a fund. 2 Dan. Ch. Pr., 1542 et seq. and notes; Barb. Ch. Pr. (2d ed.), b. 3, ch. 8, p. 677 et seq. and cases; *Cazet v. Hubbell*, 36 N. Y., 677; *Hogan v. Hoyt*, 37 N. Y., 300; *Hale v. Clauson*, 60 N. Y. 339.

In making the order objected to, the court based its action on the showing that in getting the fund out of court, and in bringing about the change of administration on the same day, and without notice to Rogers, a fraud was committed against him, and an imposition practiced on the court. That he was entitled to notice of the application, as the circumstances now appear, we have no doubt, and after being brought to suffer the withdrawal of the fund on Mrs. Heath's summary request, we think the court, in view of the whole facts brought to its attention, had power, notwithstanding such change of administration, to take steps to bring back the fund, or at least the portion of it attempted to be recalled.

The determination went no further than to recall $2000 of the amount to the custody of the law, from whence it had been drawn irregularly, to say the least. There was no offer to award it to any party or claimant.

As to the second question.  It would not be profitable
to refine upon the point of the precise position the relator
held relative to the cause, and with reference to his
power to deal with it at the time Rogers petitioned for
a recall of the money.

The proceeding called in question is not one which
was in the direct line of controversy in the suit.  It was
a collateral incident of the litigation, and a question
between the estate as the real party and the solicitor of
the estate, and the true inquiry is whether the relator
was so situated in reference to the estate and the cause
and the fund that the court could require him to return
to its custody $2000 of that fund under the application
made by the solicitor of the estate.  The relator had
been appointed administrator in place of Mrs. Heath,
and had accepted the place and assumed the trust.  He
had received and still held more than $4000 of the
fund which had been taken out of court.  He had filed
a bill to be allowed in his character of administrator to
enforce the very decree under which the fund had been
paid in; and he was, therefore, before the court and
under its authority as an intervening litigant.  He had
an established relation to the cause in court, and to the
state and preservation of the subject of the cause.
Although not yet a party in a sense to permit him to
enforce the decree against the defendant Remington, he
was sufficiently connected with the cause, and had such
standing in court as to be deemed *quasi* a party, and to be
called by the court, on the solicitor's petition, to restore
to the keeping of the law what, in his character of rep-
resentative of the estate, he still held of the fund which
had been improperly withdrawn.  No case standing on
similar facts has been noticed, but reason and analogy
favor this result.  *Ex parte Bailey and Hope; In re
Barnard*, 14 Beav., 18: 7 E. L. & E., 203; *Walworth v.
Holt*, 6 E. L. & E., 50; *Francis v. Francis*, 2 DeG., M.
& G., 73: 15 E. L. & E., 47; *Ellison's Estate*, 35 E. L.

& E., 553; *Wilton v. Hill,* 2 DeG., M. & G., 807: 21 E. L. & E., 602; *Wharam v. Broughton,* 1 Ves. Sr., 180; *Hale v. Clauson,* supra.

The motion must be denied.

The other Justices concurred.